IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARCUS DALE SMALLWOOD, #27258078, | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:23-CV-640 |
| SHERIFF SCOTT CASS, *et al.*, | § | |

**MEMORANDUM ORDER**

Plaintiff Marcus Smallwood has filed a *pro se* letter motion seeking the removal of the United States Magistrate Judge from this civil action (Dkt. #23). Plaintiff asserts that the Magistrate Judge has a "conflict of interest" as she heard Plaintiff's suppression motion in his criminal case, *United States v. Smallwood*, 4:23-CR-00176. *Id*. Plaintiff argues that the Magistrate Judge is unable to be impartial in both cases as a result of her recommending that the suppression motion be denied. *Id*.

28 U.S.C. § 144 provides, in relevant part, as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reason for the belief that such bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party shall file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Some of the grounds for disqualification of a judge are set out in 28 U.S.C. § 455. This statute, states, in pertinent part, as follows:

    (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might *reasonably* be questioned.

    (b) He shall also disqualify himself in the following circumstances:

        (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

        (2) Where in private practice he served as a lawyer in the controversy…

        (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness…

        (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

        (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

            (i) is a party to the proceeding…

            (ii) is acting as a lawyer in the proceeding;

            (iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

            (iv) is to the judge's knowledge likely to be a material witness in the proceeding. (emphasis added).

The Fifth Circuit has held that a legally sufficient affidavit of personal bias and prejudice on the part of a judge must meet three requirements. It must (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that bias exists; and (3) shows that the bias is personal rather than judicial in nature. *Henderson v. Dep't of Pub. Safety and Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990).

The Court first notes that Plaintiff has wholly failed in his obligation to file an affidavit. Plaintiff's sole complaint is that the Magistrate Judge recommended that his suppression motion in his criminal case be denied. Mere disagreements with rulings are almost always insufficient to show bias or prejudice justifying removal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). After considering Plaintiff's objections, the Magistrate Judge's recommendation to deny the suppression motion was adopted by the District Court in Plaintiff's criminal case. Plaintiff has not shown that the Magistrate Judge's recommendation was incorrect, much less that it demonstrated prejudice now warranting recusal in this civil matter. Plaintiff has not met the standards for recusal set out in 28 U.S.C. § 144 or § 455.

It is therefore **ORDERED** that Plaintiff's *pro se* letter motion seeking the removal of the United States Magistrate Judge (Dkt. #23) is **DENIED**. To the extent Plaintiff seeks leave to amend his complaint, that motion is **GRANTED**. Plaintiff has 30 days from entry below to file an amended complaint.

Plaintiff is admonished that an amended complaint completely supplants a previously filed complaint. It is imperative that Plaintiff outline all his claims in his First Amended Complaint against Defendants.

Plaintiff is admonished, further, that failure to comply with this order may result in dismissal of this case for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

**SIGNED** this 19th day of May, 2025.

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE